LAW OFFICES OF CRAIG M. ROTHENBERG
By: Dawn S. DeWeil, Esq.(DD2452)
2444 Morris Avenue, Suite 206
Union, New Jersey 07083
(908)688-5111
Attorney for Plaintiff(s)

IN THE UNITED STATE DISRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| JOANN GEANOULES, Executrix of the Estate of PETER GEANOULES, deceased, | Civil Action No. |
| Plaintiff(s), | COMPLAINT FOR DAMAGES WITH JURY DEMAND |
| -against- | |
| UNITED STATES OF AMERICA, HOSSEIN SADEGHI-NEJAD, M.D. JEFFREY POLLEN, M.D., NEEL P. SHAH, M.D., GREGORY LOVALLO, M.D., CLARA R. YOOK, M.D., JIN K. CHOE, M.D., SHANTI SRIVINAS, M.D., AND DREW A. HELMER, M.D., IN THEIR OFFICIAL CAPACITY AS EMPLOYEES OF THE VETERANS ADMINISTRATION HEALTH SYSTEM | |
| Defendants. | |

---

Plaintiff, Joann Geanoules, Executrix of the Estate of Peter Geanoules, residing at 725 Riverview Drive, Borough of Totowa, in the County of Passaic and in the State of New Jersey, by way of Complaint against the Defendant, the United States of America, states:

**JURISDICTION**

1. Jurisdiction in the United States District Court, District of New Jersey, is appropriate, based upon the Federal Tort Claims Act, 28 U.S.C.§ 1346. The United States Department of Veterans Affairs and its health centers and clinics is a department of the United States of America. Defendants HOSSEIN SADEGHI-NEJAD, M.D., JEFFREY POLLEN, M.D., NEEL P. SHAH, M.D., GREGORY LOVALLO, M.D. CLARA R. YOOK, M.D., JIN K. CHOE, M.D., SHANTI SRIVINAS, M.D. and DREW A. HELMER, M.D., are employed by the United States as physicians at the Veterans Administration Health System in East Orange, New Jersey.

2. Venue is properly laid in the United States District Court for the District of New Jersey, because Plaintiff Joann Geanoules is domiciled and resides at 725 Riverview Drive, Borough of Totowa, in the County of Passaic and in the State of New Jersey and because the acts giving rise to the Complaint occurred in the Veteran's Administration Jersey Health Care System at East Orange, New Jersey.

**PROCEDURAL HISTORY**

1. Plaintiff's decedent, Peter Geanoules, discovered that he was injured as a result of the negligence of defendants due to a failure on the part of the defendants, through their employees/servants/agents, specifically including HOSSEIN SADEGHI-NEJAD, M.D., JEFFREY POLLEN, M.D., NEEL P. SHAH, M.D.,

GREGORY LOVALLO, M.D. CLARA R. YOOK, M.D., JIN K. CHOE, M.D., SHANTI SRIVINAS and DREW A. HELMER, M.D., to timely diagnose his bladder cancer on or about October 19, 2007.

2. On or about January 13, 2009, Peter Geanoules died.

3. On or about August 24, 2009, plaintiff's decedent's counsel submitted a Standard Form 95 Administrative Claim for a sum certain, pursuant to the terms of the Federal Tort Claims Act, for wrongful death and survivorship causes of action pursuant to the laws of the State of New Jersey for the benefit of plaintiff Joann Geanoules, the decedent's Executrix.

4. On or about May 18, 2010, counsel for the plaintiff received a letter from defendant denying plaintiff's administrative claim under the Federal Tort Claims Act.

## COMPLAINT

### FIRST COUNT

### (Wrongful Death and Medical Malpractice)

1. At all times hereinafter mentioned, the defendant, through its employees/servants/agents, specifically including HOSSEIN SADEGHI-NEJAD, M.D., JEFFREY POLLEN, M.D., NEEL P. SHAH, M.D., GREGORY LOVALLO, M.D. CLARA R. YOOK, M.D., JIN K. CHOE, M.D., SHANTI SRIVINAS and DREW A. HELMER, M.D., in their official capacity as employees of the Veterans Administration Health System, rendered medical care to plaintiff's decedent,

Peter Geanoules, prior to October 19, 2007, in the State of New Jersey.

2. At all times hereinafter mentioned, the defendant, through its employees/servants/agents, specifically including HOSSEIN SADEGHI-NEJAD, M.D., JEFFREY POLLEN, M.D., NEEL P. SHAH, M.D., GREGORY LOVALLO, M.D. CLARA R. YOOK, M.D., JIN K. CHOE, M.D., SHANTI SRIVINAS and DREW A. HELMER, M.D., in their official capacity as employees of the Veterans Administration Health System held itself out to the public in general and the plaintiff's decedent in particular as skilled in the profession of medicine and nursing.

3. At all times hereinafter mentioned, the defendant, through its employees/servants/agents, specifically including HOSSEIN SADEGHI-NEJAD, M.D., JEFFREY POLLEN, M.D., NEEL P. SHAH, M.D., GREGORY LOVALLO, M.D. CLARA R. YOOK, M.D., JIN K. CHOE, M.D., and DREW A. HELMER, M.D., in their official capacity as employees of the Veterans Administration Health System, had a duty to exercise reasonable care and either actually or impliedly represented to the plaintiff's decedent herein that it would exercise that degree of care, skill, diligence, and proficiency which would conform to the reasonable standards and accepted practices of the healthcare-related professions of its employees/servants/agents.

4. At all times hereinafter mentioned, the defendants failed to properly care and treat the plaintiff's decedent, Peter Geanoules, and did negligently, carelessly, recklessly, and unskillfully care for and treat said plaintiff's decedent, in that they failed to follow accepted procedures and deviated from the accepted standards of the respective professions of its employees/servants/agents; failed to properly diagnose the true conditions of the plaintiff's decedent in a timely and proper manner; failed to properly treat said plaintiff's decedent's true condition in a timely and proper manner; mis-read and/or misdiagnosed pathology, failed to conduct the necessary and indicated examinations and/or re-examinations, tests, and/or procedures; failed to refer the plaintiff's decedent to appropriate specialists for consultation and treatment; and were otherwise negligent in their care and treatment of the plaintiff's decedent over multiple years; and were otherwise negligent in its care and treatment of the plaintiff's decedent's bladder cancer, resulting in metastasis of the bladder cancer.

5. By reason of the negligence of the defendants as aforesaid, the plaintiff's decedent suffered up until his death on January 13, 2009, severe, painful, progressive, and permanent personal injuries.

6. By reason of the negligence of the defendants as aforesaid, the plaintiff's decedent sustained physical deformity, and suffered anxiety, depression and mental anguish, as well as mental and emotional distress, resulting from the negligent failure to diagnose and effectuate prompt and proper treatment of his condition.

8. By reason of the negligence of the defendants as aforesaid, the plaintiff's decedent sustained economic damages.

## SECOND COUNT

### (Per Quod)

1. Plaintiff repeats and reiterates each and every allegation of the First Count, as if set forth at length herein.

2. As a direct and proximate result of the negligence, carelessness, recklessness, and unskillfulness of defendants as aforesaid, Decedent Peter Geanoules died on January 13, 2009, and as a result, his surviving spouse, Plaintiff Joann Geanoules, sustained economic loss, including the loss of companionship, guidance, counseling and advice of decedent as damages, as a result of his wrongful death.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, Joann Geanoules, Executrix of the Estate of Peter Geanoules, demands judgment against the defendant, the United States of America, specifically including HOSSEIN SADEGHI-NEJAD, M.D., JEFFREY POLLEN, M.D., NEEL P. SHAH, M.D., GREGORY LOVALLO, M.D. CLARA R. YOOK, M.D., JIN K. CHOE, M.D., SHANTI SRIVINAS, M.D. and DREW A. HELMER, M.D., and/or in the alternative, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, the Federal Torts Claims Act, and the sum requested in the Standard Form 95 for damages, interest, costs of suit, and attorneys' fees, as allowable by law.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues triable thereto in the above-styled action.

Respectfully submitted this 3rd day of November, 2010.

By: _____
Dawn S. DeWeil, Esq. (DD2452)
LAW OFFICES OF CRAIG M. ROTHENBERG
2444 Morris Avenue – Suite 206
Union, NJ 07083
Phone: 908-688-5111
Facsimile: 908-688-5178
dawn.deweil@verizon.net

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Dawn S. DeWeil, Esq., hereby certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time: and that there are no additional known parties who should be joined to the present action at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted this 3rd day of November, 2010.

By: _____
Dawn S. DeWeil, Esq. (DD2452)
LAW OFFICES OF CRAIG M. ROTHENBERG
2444 Morris Avenue - Suite 206
Union, NJ 07083
Phone: 908-688-5111
Facsimile: 908-688-5178
dawn.deweil@verizon.net